**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TELIESHA MOORE,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-25-00616** |
| **COSTCO WHOLESALE CORP.,** | * | |
| **Defendant.** | * | |

<u>**MEMORANDUM OPINION**</u>

Teliesha Moore claims a Costco Wholesale Corp. ("Costco") employee unlawfully detained her when she attempted to exit the store. Moore brings a claim of false imprisonment and seeks $2 million in damages. Pending before the Court is Costco's motion to dismiss. ECF 16. The motion is fully briefed. ECF 16-2, 22-1, 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, the motion to dismiss is denied.

**I.    Background**

The following allegations are from Moore's complaint.

On February 27, 2022, Moore went to a Costco store in Owings Mills, Maryland, with her three children and her partner. ECF 1, ¶ 5. Moore purchased some items, got a receipt for her purchases, and renewed her Costco membership. *Id.* After checking out, Moore and her family went to the Costco café area to eat. *Id.* An employee named Shaneka was checking receipts of customers who exited the store through the café area. *Id.* ¶ 6.

Around 5:40 p.m., when Moore and her family went to the exit, Shaneka began to take items out of Moore's cart. *Id.* When Moore asked Shaneka "if she was done" and said that "she did not have all day to stand there," Shaneka "became rude and irate." *Id.* Moore told Shaneka she had not stolen anything and tried to leave. *Id.* Shaneka "grabbed [Moore's] shopping cart and

pulled it forcefully" while Moore's children were holding onto the cart. *Id.* Moore's children were "terrified and crying hysterically." *Id.* For several minutes, Moore and Shaneka were engaged in a "tug-of-war" while Moore continued to call for help and ask Shaneka to let her go. *Id.* Shaneka continued "detaining" Moore. *Id.*

Around 5:45 p.m., three other Costco employees came over, including the store manager, Nate. *Id.* ¶ 7. Moore asked Nate for a refund for the items she had purchased, a cancellation of her membership, and a refund for the membership renewal fee. *Id.* Nate denied her requests. *Id.*

At 5:48 p.m., Moore and her family left Costco. *Id.* ¶ 8.

## II. Standard of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765 (4th

Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

## III.    Discussion

Moore asserts a single state-law claim against Costco: false imprisonment. "For a plaintiff to succeed on a false arrest or false imprisonment claim, the plaintiff must establish that the defendant deprived the plaintiff 'of his or her liberty without consent and without legal justification.'" *State v. Roshchin*, 130 A.3d 453, 459 (Md. 2016) (quoting *Okwa v. Harper*, 757 A.2d 118, 133 (Md. 2000)). "[A]ny deprivation by one person of the liberty of another without his consent, whether by violence, threat or otherwise, constitutes an imprisonment." *Mason v. Wrightson*, 109 A.2d 128, 131 (Md. 1954) (quoting *Mahan v. Adam*, 124 A. 901, 905 (Md. 1924)). The defendant's conduct must "compel[ ] [the plaintiff] to remain where he does not wish to remain, or to go where he does not wish to go." *Id.* (quoting *Mahan*, 124 A. at 905).

Costco argues that Moore has not stated a false imprisonment claim because she has not alleged facts "plausibly demonstrating confinement by force or threat." ECF 16-2, at 6. Costco misunderstands the law. In *Scott v. Old Navy, LLC*, the United States Court of Appeals for the Fourth Circuit reversed a district court that had granted a motion for summary judgment on a false

imprisonment claim because the plaintiff had not submitted evidence that she was confined by force or threat of force. No. 20-1253, 2022 WL 2764415, at *5 (4th Cir. July 15, 2022). The Fourth Circuit held that the district court's decision "rest[ed] on a mistaken assessment" of Maryland law. *Id.* There, a customer suspected of shoplifting brought a false imprisonment claim after armed police officers directed her to reenter the store and she believed she had no choice but to comply. *Id.* at *2–3. Because there was no evidence that the officers used force or threat of force, the district court found that the customer could not establish that she had been deprived of her liberty and granted summary judgment to the police officers. *Id.* at *4. The Fourth Circuit disagreed, concluding that force or threat of force is not required to state a civil false imprisonment claim under Maryland law. *Id.* at *5. The court determined that a jury could find the police officers' asserted legal authority was a direct restraint on the customer's liberty. *Id.* at *6.[1]

The Fourth Circuit's decision in *Scott* aligns with decisions by Maryland courts holding someone can be deprived of liberty through means other than force or threat of force. *See Mason*, 109 A.2d at 131 ("[A]ny deprivation by one person of the liberty of another without his consent, whether by violence, threat *or otherwise*, constitutes an imprisonment." (emphasis added) (quoting *Mahan*, 124 A. at 905)); *Amaral v. Amaral*, No. 0086 Sept. Term 2014, 2015 WL 9257028, at *6 (Md. Ct. Spec. App. Dec. 17, 2015) (noting that, although "force, threat of force, or deception" is required for criminal false imprisonment, "the means are not necessarily so limited" for civil false

---

[1] For the same reason, Costco's reliance on *Henderson v. Wal-Mart Stores, Inc.*, No. 21-2417, 2023 WL 166411 (4th Cir. Jan. 12, 2023), is inapposite. Costco argues that, although the *Henderson* court applied Virginia law, the case is "compelling authority" because the false imprisonment standard is the same under Virginia and Maryland law. ECF 16-2, at 6 n.3. But Virginia law requires a person at least be "under a reasonable apprehension that force will be used unless he willingly submits." *Henderson*, 2023 WL 166411, at *2 (quoting *Zayre of Va., Inc. v. Gowdy*, 147 S.E.2d 710, 713 (Va. 1966)). Maryland law does not require the same. *See, e.g.*, *Mason*, 109 A.2d at 131. Thus, *Henderson* is inapt here.

imprisonment). Consistent with these decisions, the Second Restatement of Torts provides that, if a plaintiff remains in a store against her wishes because she reasonably believes leaving the store would require her to relinquish valuable property, the plaintiff is imprisoned. *See* Restatement (Second) of Torts § 40A cmt. a, illus. 2 (A.L.I. 1965 & update 2025) ("A, the owner of a store, for the purpose of preventing B, a customer, from leaving the store, but without any privilege to do so, seizes and retains B's purse, which contains a large sum of money. B reasonably believes that he can leave the store only at the risk of losing the purse and the money and therefore remains in the store. A has confined B."). Thus, Moore need not plead that she was confined by force or threat of force to state a claim of false imprisonment under Maryland law.

Moore has stated a claim for false imprisonment. She adequately alleges that a Costco employee deprived her of her liberty without her consent and without legal justification. Specifically, Moore alleges that when she approached the exit of the store, a Costco employee took items that Moore had purchased out of her cart. ECF 1, ¶¶ 5–6. Moore also alleges that, when she tried to leave the store, the employee "grabbed her shopping cart and pulled it forcefully," leading to a "tug-of-war" and preventing Moore from leaving with the other items she purchased. *Id.* ¶ 6. This incident lasted several minutes. *Id.* Moore claims that the Costco employee "had no lawful reason to detain" her because she had paid for the items in the shopping cart. *Id.* ¶ 15. Taking these well-pled allegations in the light most favorable to Moore, the Court finds that Moore has adequately alleged that she was deprived of her liberty by a Costco employee without her consent and without legal justification.

**IV.    Conclusion**

For the foregoing reasons, Costco's motion to dismiss is denied. A separate Order follows.

Date:  October 29, 2025

_____
Deborah L. Boardman
United States District Judge